IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLARENCE D. CRIQUI,

      Petitioner,

  v.             CASE NO. 11-3118-SAC

KANSAS DEPARTMENT OF CORRECTIONS, et al.,

      Respondents.

**O R D E R**

Petitioner proceeds pro se on a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254, and has paid the district court filing fee. Having reviewed the petition, the court finds this matter is subject to being summarily dismissed as time barred.

The Antiterrorism and Effective Death Penalty Act enacted in 1996 established a one year limitation period on habeas corpus petitions filed by prisoners confined pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The one year limitation period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

>     retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or
>     claims presented could have been discovered through the
>     exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the limitation period is tolled (suspended) while a properly filed state post-conviction proceeding and appeal therefrom is pending in the state courts.  28 U.S.C. § 2244(d)(2).  The running of the limitation period is also subject to equitable tolling, but only in rare and exceptional circumstances, *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir.2000), and where the prisoner exercises due diligence in pursuing his claims, *Garcia v. Shanks*, 351 F.3d 468, 473 n. 2 (10th Cir 2003).

Here, petitioner was convicted in Reno County District Court on three counts of attempted rape, three counts of aggravated criminal sodomy, and three counts of aggravated indecent liberties with a child.  The Kansas Court of Appeals affirmed the conviction on September 12, 2003, finding (1) the trial court's exclusion of a licensed psychologist's proposed testimony regarding proper techniques for interviewing child sex abuse victims was harmless error; (2) the exclusion of portions of Criqui's statement to a detective was warranted; (3) Criqui failed to provide compelling reasons warranting court-ordered psychological evaluations of the child victims; and (4) sufficient evidence supported Criqui's convictions.  *State v. Criqui*, 2003 WL 22119226 (Kan.App.2003) (unpublished).  The Kansas Supreme Court denied further review on December 23, 2003.

Petitioner identifies no further action taken in the state

courts regarding his conviction on these charges. He filed the instant petition under § 2254 in this court on June 22, 2011.

It plainly appears § 2244(d)(1)(A) controls the start date for running the one year limitation period in this case. Plaintiff does not allege any State created impediment that prevented him from filing his federal habeas petition earlier, § 2244(d)(B), or any constitutional right later recognized by the United States Supreme Court for retroactive application, § 2244(d)(C). Although § 2244(d)(1)(D) allows the limitation period to run from the date the factual predicate of petitioner's claims could have been discovered through due diligence, that section does not apply in this case where plaintiff appears to rely on a legal holding handed down by the New Jersey Supreme Court prior to petitioner's criminal proceeding and appeal in Kansas. *See State v. Michaels*, 136 N.J. 299 (1994)(holding the reliability of child victim statements and testimony can be undermined by the use of coercive or highly suggestive interrogation techniques).

Because petitioner filed no state court action to toll the running of the limitation period in this case, and because petitioner makes no showing to suggest he would be entitled to equitable tolling, the one year period for seeking § 2254 review of petitioner's conviction expired in March 2005. Thus on the plain face of petitioner's pleading, the court finds the instant petition filed more than seven years later is subject to be being dismissed as time barred.

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days to show cause why the petition should not be summarily

3

dismissed as time barred.  The failure to file a timely response may result in dismissal of the petition without further prior notice.

**IT IS SO ORDERED.**

DATED:  This 7th day of September 2011 at Topeka, Kansas.


<u>  s/ Sam A. Crow            </u>
SAM A. CROW
U.S. Senior District Judge

4